**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID CILETTIERI,<br><br>                 Plaintiff,<br><br>           v.<br><br>VERIZON WIRELESS, *et al.*,<br><br>                 Defendants. | Civil Action No. 24-781 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court on pro se Plaintiff David Cilettieri's ("Plaintiff") application to proceed *in forma pauperis* ("IFP") without prepayment of fees under 28 U.S.C. § 1915 (the "IFP Application"). (ECF No. 1-1.) Upon review of the IFP Application, the Court grants Plaintiff IFP status. The Court now screens Plaintiff's Complaint (ECF No. 1), pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, Plaintiff's Complaint is dismissed without prejudice in its entirety for failure to state a claim upon which relief may be granted.

**I.    BACKGROUND**

      Plaintiff's proposed Complaint[1] asserts claims against Defendants Verizon Wireless, Alisha Buelte ("Buelte"), Micheal Hockwater ("Hockwater"), and Randall E. Gaver ("Gaver") (collectively "Defendants"). (Compl. 2.) Plaintiff alleges that Defendants destroyed his cell phone records in violation of 47 U.S.C. § 220 and seeks $250,000 in damages. (*Id.* at 4.) The Complaint states that Plaintiff is a New York citizen, Verizon Wireless is a New Jersey citizen, and Buelte,

---

[1] While the allegations contained in the Complaint are not entirely clear, the Court construes the allegations in a light most favorable to pro se Plaintiff. (*See* Compl., ECF No. 1.) *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that pro se pleadings should be construed liberally).

Hockwater, and Gaver are all New York citizens. (*Id.* at 2.) (*See generally id.*) The Court now turns to the IFP Application and *sua sponte* screens the Complaint.

## II.     LEGAL STANDARD

An IFP application "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The Court, accordingly, must carefully review an application and "if convinced that [the applicant] is unable to pay the court costs and filing fees, the [C]ourt will grant leave to proceed [IFP]." *Douris v. Middletown Twp.*, 293 F. App'x 130, 132 (3d Cir. 2008) (citation omitted). Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss a case at any time if the court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure[2] 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Rule 8(a)(2) "requires [a complaint to contain] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A

---

[2] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). While pro se pleadings are to be liberally construed in conducting such an analysis, pro se litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**III.   DISCUSSION**

    **A.   IFP Application**

Under 28 U.S.C. § 1915(a), an application to proceed IFP must contain an affidavit that includes a complete list of the applicant's assets and establishes that the applicant is unable to pay the requisite fees. 28 U.S.C. § 1915(a); *Roy v. Penn Nat'l Ins. Co.*, No. 14-4277, 2014 WL 4104979, at *1, n.1 (D.N.J. Aug. 19, 2014) (citations omitted). The decision to grant or deny an IFP application is based solely upon the economic eligibility of the applicant. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

In support of the IFP Application, Plaintiff submitted a statement of all his assets, income, and expenses. (*See generally* IFP Appl.) The IFP Application is complete and indicates that Plaintiff is incarcerated at Niagara County Jail and does not receive any monthly income. (*Id.* at 2.) Plaintiff has no other sources of income or assets. (*Id.* at 2-3.) Plaintiff additionally includes an

account statement with his application reflecting a balance of $14.57. (*Id.* at *6.[3]) The Court, accordingly, finds that Plaintiff has established indigence and grants the IFP Application.

B.   **Complaint Screening**

Having granted Plaintiff IFP status, pursuant to the statute, the Court begins with its independent obligation to satisfy itself of its subject matter jurisdiction. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (stating that the Court "always has jurisdiction to determine its [own] jurisdiction." (citing *United States v. Ruiz*, 536 U.S. 622, 628 (2002))). This Court has jurisdiction if there is diversity of parties or a federal question exists. 28 U.S.C. §§ 1441(a)-(b).

Diversity jurisdiction is established by demonstrating that the amount in controversy exceeds $75,000 and that all plaintiffs are diverse from all defendants. *See* 28 U.S.C. § 1332; *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (noting that diversity jurisdiction requires complete diversity of citizenship, *i.e.*, that every plaintiff be a citizen of a different state from every defendant). While Plaintiff avers that this Court has jurisdiction over this case through diversity jurisdiction, the Complaint does not meet the criteria for complete diversity. (*See generally* Compl.) In short, there is not complete diversity among the litigants: Plaintiff states that he resides in New York,[4] the same state as three of the named co-defendants. (*See* Compl. 2.) Accordingly, the Court lacks diversity jurisdiction.

---

[3] Page numbers preceded by an asterisk reflect the page numbers atop the ECF header.

[4] In cases involving prisoners, courts presume that the prisoner remains a citizen of the state where he was domiciled before his incarceration, even if he is subsequently incarcerated in a different state. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 247 (3d Cir. 2013). Here, Plaintiff does not specify where he resided prior to his incarceration at the Niagara County jail. (*See generally* Compl.) Insofar as Plaintiff's state of residence prior to his incarceration is sufficient to establish diversity jurisdiction, he is encouraged to provide the necessary clarification by means of an amended complaint.

The Court thus turns to whether federal question jurisdiction exists. "Federal question jurisdiction exists only if a federal question is presented on the face of the complaint." *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011). In his Complaint, Plaintiff alleges that he was injured due to Defendants' violation of 47 U.S.C. § 220. (*See* Compl.) This proposed statutory violation *may* present a basis for subject matter jurisdiction in this case. *See Caterpillar Inc.*, 482 U.S. at 392 (Under the "well-pleaded complaint" rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); *but see Hunter v. Greenwood Tr. Co.*, 856 F. Supp. 207, 214 (D.N.J. 1992) (noting that a complaint's "mere allusion" to federal law, or a "passing reference" to a federal statute, does not necessarily present a federal question that arises under federal law for purposes of determining subject matter jurisdiction).

Even if the Court were to liberally construe pro se Plaintiff's Complaint to presume that federal question jurisdiction exists, the Court nevertheless finds that Plaintiff fails to state a claim upon which relief can be granted. The Complaint is comprised of a single sentence: that Defendants "destroyed [Plaintiff's] cellphone records[.]" (Compl. 4.) Here, the Court finds that there are no decipherable facts to suggest a legal claim. *Ashcroft*, 556 U.S. at 678. The Court is unable to discern how Plaintiff was harmed under 47 U.S.C. § 220 or how Defendants were otherwise responsible for that harm. The Court thus *sua sponte* dismisses Plaintiff's Complaint without prejudice for failure to state a claim.

## IV.   CONCLUSION

Based on the foregoing, the Court grants Plaintiff's IFP Application (ECF No. 1-1), but dismisses Plaintiff's Complaint (ECF No. 1) without prejudice. Plaintiff is granted leave to file an

amended complaint within thirty days. The Court will issue an order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**